**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Jane Botelho, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No.   16 C 3854 |
| Hunter Warfield, Inc., a Maryland corporation, | ) ) ) ) | |
| Defendant. | ) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiff, Jane Botelho, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages, and alleges:

**JURISDICTION AND VENUE**

1.  This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2.  Venue is proper in this District because: a) part of the acts and transactions occurred here; and, b) Defendant resides and transacts business here.

**PARTIES**

3.  Plaintiff, Jane Botelho ("Botelho"), is a citizen of the State of Georgia, from whom Defendant attempted to collect a delinquent consumer debt that she allegedly owed to the Home Shopping Network for a credit account, despite the fact that she had exercised her rights, pursuant to the FDCPA, to refuse to pay the debt and to be represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4. Defendant, Hunter Warfield, Inc. ("Hunter"), is a Maryland corporation, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts. Hunter operates a nationwide delinquent debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant Hunter was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debts it attempted to collect from Plaintiff.

5. Defendant Hunter is authorized to conduct business in the State of Illinois and maintains a registered agent within the State of Illinois, see, record from the Illinois Secretary of State, attached as Exhibit A. In fact, Defendant conducts business in Illinois.

6. Defendant Hunter is licensed as a debt collection agency in the State of Illinois, see, record from the Illinois Department of Professional Regulation, attached as Exhibit B. In fact, Defendant acts as a collection agency in Illinois.

**FACTUAL ALLEGATIONS**

7. Ms. Botelho is a disabled senior citizen, with limited assets and income, who fell behind on paying her bills, including a debt she allegedly owed to the Home Shopping Network for a credit account ("HSN debt"). When Hunter began trying to collect this debt from Ms. Botelho, by sending her a collection letter, dated February 12, 2016, she sought the assistance of the legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding her financial difficulties and Hunter's collection actions. A copy of this letter is attached as Exhibit C.

8. Accordingly, on March 11, 2016, one of Ms. Botelho's attorneys at LASPD informed Hunter, in writing, that Ms. Botelho was represented by counsel, and directed Hunter to cease contacting her, and to cease all further collection activities because Ms. Botelho was forced, by her financial circumstances, to refuse to pay her unsecured debts. Copies of this letter and fax confirmation are attached as Exhibit D.

9. Nonetheless, Defendant Hunter called Ms. Botelho, including, but not limited to telephone calls on March 14, 2016, March 15, 2016 and March 16, 2016 from telephone number 800-768-1011 to try and collect the HSN debt.

10. Accordingly, on March 17, 2016 one of Ms. Botelho's LASPD attorneys had to write to Defendant Hunter, yet again, to demand that it cease communications and collection of the debt. Copies of this letter and fax confirmation are attached as Exhibit E.

11. Defendant Hunter's collection actions complained of herein occurred within one year of the date of this Complaint.

12. Defendant Hunter's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violation Of § 1692c(c) Of The FDCPA --
### Failure To Cease Communications And Cease Collections

13. Plaintiff adopts and realleges ¶¶ 1-12.

14. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they

3

refuse to pay.  See, 15 U.S.C. § 1692c(c).

15.	Here, the letter from Ms. Botelho's attorneys at LASPD told Defendant Hunter to cease communications and cease collections (Exhibit D).  By continuing to communicate regarding payment of this debt, Defendant Hunter violated § 1692c(c) of the FDCPA.

16.	Defendant Hunter's violations of § 1692c(c) of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA --
### Communicating With A Consumer Represented By Counsel

17.	Plaintiff adopts and realleges ¶¶ 1-12.

18.	Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain such attorney's name and address.  See, 15 U.S.C. § 1692c(a)(2).

19.	Defendant Hunter knew that Ms. Botelho was represented by counsel in connection with her debt because her attorneys at LASPD informed Defendant, in writing, that she was represented by counsel, and had directed Defendant Hunter to cease directly communicating with her (Exhibit D).  By directly calling Ms. Botelho, despite being advised that she was represented by counsel, Defendant Hunter violated § 1692c(a)(2) of the FDCPA.

20.	Defendant Hunter's violations of § 1692c(a)(2) of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees.  See, 15

U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Jane Botelho, prays that this Court:

1. Find that Defendant Hunter's debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff Botelho, and against Defendant Hunter, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Jane Botelho, demands trial by jury.

        Jane Botelho,

        By: /s/ David J. Philipps            
        One of Plaintiff's Attorneys

Dated: March 30, 2016

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps     (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angiekrobertson@aol.com